# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 11, 2011

Lyle W. Cayce
Clerk

No. 10-40257
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GARCIA, JR.,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:99-CR-314-1

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Garcia, Jr., appeals the judgment revoking his second term of supervised release and imposing a prison sentence that is to run consecutively to a prior state sentence for murder and a prior federal sentence for attempted murder. The state murder conviction was the basis for the revocation petition when it was initially filed, in the McAllen division of the Southern District, to revoke Garcia's supervised release. As Garcia entered the courtroom for the hearing on that petition, he attacked a deputy United States marshal with a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

razor blade. Garcia's revocation proceeding was later transferred to the Houston division of the Southern District after Garcia was indicted there for attempting to murder the deputy marshal. Garcia pleaded guilty to attempted murder and appeared before Judge Ewing Werlein, Jr., for sentencing in March 2010. During the sentencing hearing, Garcia assaulted an assistant United States attorney and had to be subdued by United States marshals.

Before the date of his rescheduled hearing to revoke his second term of supervised release, Garcia moved to recuse Judge Werlein on the basis that his involvement in the revocation proceeding might create an appearance of partiality, given that Judge Werlein had witnessed the assault on the assistant United States attorney. Judge Werlein denied the motion, revoked Garcia's second term of supervised release, and imposed a 21-month prison sentence.

Garcia relies on 28 U.S.C. § 455(a) as his basis for relief. Under that subsection, a justice, judge, or magistrate of the United States is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." § 455(a). This court ordinarily reviews the denial of a recusal motion for abuse of discretion. *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999). A "judge abuses his discretion in denying recusal where a reasonable man, cognizant of the relevant circumstances surrounding [the] judge's failure to recuse, would harbor legitimate doubts about that judge's impartiality." *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003) (internal quotation marks and citation omitted).

Garcia urged in the district court that recusal was necessary based on the incident involving the assistant United States attorney. Accordingly, to the extent that his motion was predicated on this incident, review would be for abuse of discretion. *See Trevino*, 168 F.3d at 178. On appeal, however, Garcia suggests additionally that recusal was necessary on account of his attempted murder of the United States marshal. Consequently, to the extent that Garcia's appellate argument is predicated on that incident, too, the plain error standard

No. 10-40257

of review would be implicated. *See United States v. Allen*, 587 F.3d 246, 251 (5th Cir. 2009). But as Garcia cannot prevail even under the less deferential standard of review for abuse of discretion, we need not address his claims separately under different standards of review.

Garcia offers no reason why Judge Werlein was required to recuse himself from the revocation proceeding. We find unavailing Garcia's contention that he should be likened to one who commits repeated contempt of court, including vilification of the presiding judge, and that he should therefore be entitled to have some other judge try him for contempt. Judge Werlein was not present when the revocation hearing first convened and Garcia attacked the deputy marshal. And there is no evidence that Garcia said or did anything contemptuous of Judge Werlein himself at the sentencing hearing at which Garcia assaulted the assistant United States attorney. Thus, even if this case were likened to a contempt case, it would not be the kind in which recusal is required because the defendant vilified the presiding judge. *See Caperton v. Massey*, 129 S. Ct. 2252, 2262 (2009). Accordingly, even assuming Garcia's assault of the prosecutor constituted contemptuous behavior, Judge Werlein was not required to recuse himself from any proceedings involving Garcia. *See Allen*, 587 F.3d at 251. Additionally, we reject Garcia's implicit suggestion that his contumacious behavior in two federal courtrooms in and of itself creates a potential for federal judges to be biased against him; Garcia may not engage in repeated courtroom assaults and thereby insulate himself from federal judicial authority. *See Bigby v. Dretke*, 402 F.3d 551, 560 (5th Cir. 2005). We, thus, discern no abuse of discretion, and the judgment of the district court is AFFIRMED.